## THE SOCIETY OF THE NEW YORK HOSPITAL, RESPONDENT, *v.* MARTHA A. COE, APPELLANT,

*Leave to discontinue action — right of plaintiff to elect not to do so — right to an additional allowance.*

On plaintiff's application, it was ordered that he "have leave to discontinue the action" upon payment of costs, and that upon payment thereof he might enter an order discontinuing the action. *Held,* that the plaintiff might at his election refuse to accept the terms imposed by the order and continue the action.

*Quære,* as to the right of the defendant to move for an additional allowance of costs, after the entry of an order which provided "that the plaintiff have leave to discontinue the above-entitled action upon payment of the defendant's costs up to the present time, with the costs of this motion, said costs to be adjusted by the clerk of this court," etc.

APPEAL from an order made at the New York Special Term granting an application made to the plaintiff to vacate a judgment in favor of the defendant for costs and an additional allowance. Upon plaintiff's application, it was ordered " that the plaintiff have leave to discontinue the above entitled action upon payment of defendant's costs up to the present time, with the costs of this motion, said costs to be adjusted by the clerk of this court upon two days' notice to be given by either party. And upon payment of said costs, adjusted as aforesaid, the plaintiff may enter an order discontinuing this action without further costs to either party as against the other, and directing the clerk to strike said action from the calendar of this court." Subsequently defendant obtained an order granting to her an additional allowance, and upon plaintiff's thereupon electing to continue the action, she, without application to the court, entered a judgment discontinuing the action, and adjudging that she recover her costs and allowance. From an order vacating this judgment this appeal was taken.

*John E. Parsons,* for the appellant. The practice is well settled, that when a plaintiff obtains leave to discontinue upon the payment of costs, the defendant, if the costs are not paid, may either treat the discontinuance as a nullity, or may enter up judgment for a discontinuance and for the costs. (1 Burrill's Pr., 179,

383, 417: 3 R. S. [5th ed.], 908, §§ 1, 4; *Provost* v. *Johnson*, 12 Wend., 289; *Sutphen* v. *Lash*, 10 Hun, 120; *Pacific Mail Steamship Co.* v. *Leuling*, 7 Abb. Pr. [N. S.], 37; *Crockett* v. *Smith*, 14 Abb. Pr., 62; *Folsom* v. *Van Wagner*, 14 Abb. Pr. [N. S.], 44.)

*Elbridge T. Gerry*, for the respondent.

POTTER, J.:

This action was brought to recover rent. The answer was a counter-claim for damages sustained by breach of covenants, and also for a reformation of the lease. After issue, the defendant paid the rent for which the action was brought, and thereupon the plaintiff applied, by motion, for leave to discontinue the action without costs. Upon that motion, an order was made that the plaintiff have leave to discontinue upon payment of defendant's costs up to the present time, said costs to be adjusted by the clerk, and upon said costs being adjusted as aforesaid, the plaintiff may enter an order discontinuing this action without further costs to either party as against the other, etc. This order was made November 5, 1877. The costs were adjusted and tendered defendant's attorney, who refused to accept them, stating, as a reason therefor, that he was going to make a motion for an extra allowance of costs. Subsequently the defendant made a motion for an extra allowance, upon which an order was made, granting an extra allowance of $200, and "the same is hereby granted to the defendant in addition to costs upon the discontinuance of this action." Plaintiff thereupon served upon the defendant's attorney written notice that plaintiff elected *not* to discontinue the action. The defendant's attorney then procured the cost to be adjusted, demanded payment of the same, and the same not having been paid, entered a judgment in the action for the recovery of the costs and extra allowance. Plaintiff moved to set aside said judgment upon this, among other technical grounds, that the defendant had no right to enter the same, and the motion was granted. From the order setting aside the judgment the defendant has appealed.

I think it must be assumed as settled, that after an order granting plaintiff leave to discontinue, upon payment of the adjustable

costs, the defendant may apply and obtain an order for an extra allowance, and that the plaintiff must, if he will discontinue under his order granting leave to discontinue upon payment of costs, also pay the extra allowance. (*Moulton* v. *Beecher*, 11 Hun, 192.) Moreover, the order granting the extra allowance in this case expressly provides: "And the same is hereby granted to the defendant, in addition to costs, upon the discontinuance of this action." The question, therefore, to be determined upon this appeal is whether the plaintiff had a right to elect *not* to discontinue the action. The language of the order gave him, in terms, leave to discontinue upon payment of the costs of the action. That would signify that plaintiff have permission or liberty to discontinue, upon compliance with the condition of paying the costs of the action. It was for leave to discontinue, and not for an absolute order of discontinuance, that plaintiff applied to the court. There is a necessity now for an application to the court before plaintiff can discontinue his action. The reason of such necessity arises from the fact that under the present system the defendant may obtain affirmative relief by setting up, in his answer, counter-claims and equitable defenses.

Formerly these defenses could not be interposed to an action at law, and the only matter to be litigated was the cause of action set forth in the complaint. It followed from that, that the plaintiff had a right to discontinue at his pleasure, by simply paying the defendant's costs, and hence the plaintiff might enter in the common rule book, of his own motion and without notice to the defendant, a rule of discontinuance, upon payment of defendant's costs. The only right the defendant then had was his right to costs, and that right was secured to him by such an entry by plaintiff in the rule book. Under the present system the defendant has the right of set-off, counter-claim, and equitable relief in various actions, and the plaintiff cannot, of his sole will, discontinue such an action regardless of the rights of the defendant. Hence the necessity of application to the court for leave to discontinue such an action, and upon such application the court will decide whether plaintiff may discontinue his action, and the terms of the discontinuance. Those terms will depend upon the nature and character of the defendant's matters set forth in the answer.

It may be that the plaintiff shall not plead the statute of limitations to defendant's set-off or counter-claim in an action to be brought therefor by defendant, or that the instrument upon which the plaintiff has brought the action shall be reformed; and I see no reason why, upon such an application, the court may not, in a proper case, fix the amount of extra allowance which the plaintiff should pay the defendant as one of the conditions of leave to discontinue.

If the court may determine these and other rights of the defendant, upon a motion by plaintiff for leave to discontinue, and impose them as terms upon the plaintiff, should not the plaintiff have an opportunity of electing whether he will accept and submit to such determination of defendant's claims against him? If he cannot elect whether to accept the same or not, he may be in a very perilous condition. If he discontinues, he accepts the order and discontinues—he accepts the terms. If he does not accept the terms, but appeals from the order, he has to submit to having very important matters determined upon a motion, and not by the common modes of trial. I cannot but think, both from the language of the order in question, and the nature and purpose of an application for leave to discontinue in such a case as this, that the plaintiff had the right to elect whether he would discontinue the action or not, and that he made his election not to discontinue in due time and manner. The points made and the cases cited by the respondents do not conflict with these views. Those were all cases where the order for discontinuance and for payment of costs were absolute, and the sole question was whether the plaintiff having neglected to pay the cost, the defendant might properly enter a judgment for costs.

The order setting aside the judgment should be affirmed, with ten dollars costs and disbursements.

INGALLS, P. J.:

Without questioning the power of the court to grant an additional allowance, we infer from the terms of the order of Justice LAWRENCE, that only taxable costs were contemplated *at the time* the order was granted. The language of such order is, " it is hereby ordered that the plaintiff *have leave to discontinue the above*

*entitled action upon payment of the defendant's cost up to the present time*, with costs of this motion ; *said costs to be adjusted by the clerk of this court* upon two days' notice to be given by either party." The additional allowance could neither be made nor adjusted by the clerk. We think the defendant was not at liberty to enter a judgment, after notice of plaintiff's conclusion to continue the action ; without applying to the court for leave to do so. We concur in the opinion of Justice POTTER, with the foregoing suggestion.

Present — INGALLS, P. J., and POTTER, J.

Order affirmed, with ten dollars costs and disbursements.